UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| SHAWN L DAVIS, ) | |
| ) | Case Nos. 1:17-cv-71, 1:13-cr-95 |
| *Petitioner*, ) | |
| ) | Judge Mattice |
| v. ) | |
| ) | Magistrate Judge Steger |
| ) | |
| UNITED STATES, ) | |
| ) | |
| *Respondent*. ) | |

### MEMORANDUM OPINION

Federal inmate Shawn Davis has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, to which the United States has responded. Davis has not filed a reply, and the deadline to do so has now passed. Having considered the pleadings, the record, and the relevant law, the Court finds there is no need for an evidentiary hearing[1] and Davis's § 2255 motion will be denied.

I. **BACKGROUND FACTS AND PROCEDURAL HISTORY**

On August 12, 2014, a jury found Davis guilty of robbery, in violation of 18 U.S.C. § 1951(a) (Count Four); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Five); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 924(a)(2) (Count Six). [Crim. Doc. 65; Crim. Doc. 110 at 2]. The Presentence Report categorized Davis as a career offender

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

under USSG § 4B1.1 due to two prior felony convictions. [Crim. Doc. 89 at 29]. First, when he was eighteen, Davis robbed a woman at gun point in a parking lot. [*Id.* at ¶ 34]. Second, Davis was found with "a small bag" of marijuana, and convicted of possession of marijuana for resale at the age of twenty-five. [*Id.* at ¶ 38]. Davis objected to the PSR, arguing his conviction under Tennessee's robbery statute, Tenn. Code Ann. § 39-13-401, was not a crime of violence for the purpose of determining his career offender status. [Crim. Doc. 118 at 5].

At sentencing, the Court concluded Davis's Tennessee robbery conviction was a crime of violence. [*Id.* at 10]. The Court overruled Davis's objection and adopted the Presentence Report, as revised. [*Id.*; Crim. Doc. 111]. As a career offender, Davis had a total offense level of 37 and a criminal history category of VI, resulting in a guideline imprisonment range of 360 months to life. [Crim. Doc. 89 at ¶ 63]. Pursuant to 18 U.S.C. § 924(c), Davis's conviction on Count 5 was required to be consecutive to any other term of imprisonment, resulting in an effective guideline range of 444 months to life. [*Id.*]. The Court imposed a 444-month sentence, consisting of 240 months on Count 4, 84 months on Count 5, and 120 months on Count 6, with all counts to be served consecutively. [Crim. Doc. 118 at 13; Crim. Doc. 110].

Davis timely appealed, challenging his career offender designation and corresponding enhanced sentence. [Crim. Doc. 112]. On May 25, 2016, the United States Court of Appeals for the Sixth Circuit affirmed Davis's conviction and sentence. [Crim. Doc. 119]. The court held that because a Tennessee conviction for robbery is a qualifying offense under the elements clause of USSG § 4B1.2(a)(1), Davis was properly sentenced as a career offender due to his prior convictions. [*Id.* at 4-5].

On March 13, 2017, Davis filed a timely 28 U.S.C. § 2255 Motion to Vacate his sentence. [Civ. Doc. 1]. Davis first contends he was denied effective assistance of counsel, in violation of his Sixth Amendment rights. Second, he argues a Hobbs Act robbery is not a "crime of violence" within the meaning of 18 U.S.C. § 924(c), invalidating his conviction for brandishing a firearm in furtherance of a crime of violence. Petitioner states his attorneys failed to raise these matters on direct appeal despite being asked to do so. [Civ. Doc. 1 at 4, 6]. The Government responds, arguing that Petitioner's legal theories are foreclosed by binding Sixth Circuit precedent, which in turn precludes his ineffective assistance of counsel claim.

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

Davis claims his conviction and sentence should be vacated because his lawyer's assistance was ineffective. [Civ. Doc. 2 at 3]. In *Strickland v. Washington*, the Supreme Court set forth a two-pronged test for determining whether a convicted defendant received ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668

3

(1984). *Strickland* holds that a petitioner cannot establish his counsel was ineffective unless he demonstrates that (1) counsel's performance was deficient, such that counsel did not render reasonably effective assistance as measured by prevailing professional norms; and (2) he was prejudiced by the deficiency, i.e., there is a reasonable probability that but for counsel's alleged acts or omissions, the results of the proceedings would have been different. *Id.* at 687-88, 694; *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims). The failure to satisfy either prong of *Strickland* requires dismissal of the claim and relieves the reviewing court of a duty to consider the other prong. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009); *see also Strickland*, 466 U.S. at 697.

Petitioner lists various grounds for his ineffective assistance of counsel claim in his Motion, none of which are discussed in his supporting memorandum. [Civ. Doc. 1 at 4]. Petitioner states that his trial attorney was ineffective in the following ways: he advised Davis not to testify at trial, failed to subpoena a government witness, failed to reveal evidence such as test results, fingerprints, and DNA samples, and failed to file unspecified pretrial matters on Davis's behalf. [*Id.*]. Davis presents no explanation or argument in support of these purported deficiencies. The *Strickland* test requires a greater degree of specificity than this to overcome the "strong presumption" that the challenged conduct was professionally reasonable. *Strickland* "requires the defendant to identify specific acts or omissions by counsel that were 'outside the wide range of professionally competent assistance.'" *Carter v. Bogan*, 900 F.3d 754 (6th Cir. 2018) (*quoting Strickland*, 466 U.S. at 690). Petitioner has not met this standard with regard to his counsel's purported errors at trial.

In his supporting memorandum, Petitioner argues his counsel was ineffective for another reason: because they failed "to present objections or appeal of the indictment's failure to state the § 4B1.1 enhancement for career offender purposes as it was recognized in Alleyne v. United States, 133 S. Ct. 2151 (2013)." [Civ. Doc. 2 at 4]. The United States Sentencing Guidelines ("USSG") provide for longer recommended sentences for any defendant who is deemed a "career offender." To be a career offender, the defendant must have at least two prior felony convictions for either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). Petitioner appears to argue that in order to be sentenced as a career offender, the indictment was required to allege the fact of his prior convictions.

Petitioner is correct that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). But unlike statutory sentencing provisions, "[t]he career-offender guidelines, which are triggered by judicial factfinding, do not require a district court to give a defendant a higher sentence, nor do they allow a judge to impose a harsher sentence that was necessarily unavailable before." *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014). Accordingly, "a sentencing court may use the fact of a defendant's recidivism to increase his sentence even if the defendant's prior convictions are neither alleged in the indictment nor found by a jury beyond a reasonable doubt." *United States v. Smith*, 881 F.3d 954, 960-61 (6th Cir. 2018) (*citing Almendarez-Torres v. United States*, 523 U.S. 224, 239-247 (1998)). Petitioner's interpretation of *Alleyne* is foreclosed by binding Sixth Circuit precedent, as well as the continuing viability of *Alemendarez-Torres*. *See Smith*, 881 F.3d at 960-61

("*Almendarez-Torres* is still good law and will remain so until the Supreme Court explicitly overrules it.") (citation omitted).

Because Davis's *Alleyne* argument is meritless, his trial counsel was not ineffective for failing to raise it. *See, e.g., Bennett v. Brewer*, 940 F.3d 279, 286 (6th Cir. 2019) (failure to raise a meritless claim is not ineffective assistance of counsel). Accordingly, Davis's ineffective assistance of counsel claim fails.

### B.     Hobbs Act Robbery as a Crime of Violence

Davis next challenges his conviction under 18 U.S.C. § 924(c)(1) for brandishing a firearm in furtherance of a crime of violence. Section 924(c) provides in relevant part:

> [A]ny person who, during and in relation to any crime of violence… uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime… if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A).

Section 924(c)(3) defines a "crime of violence" as "an offense that is a felony" that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Pursuant to § 924(c)(1)(D)(ii), "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence… during which the firearm was used, carried, or possessed." *Id.*

Count Four of the indictment charged Davis with robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951(a). [Doc. 3 at 2-3]. Count Five of the indictment charged Davis with using, carrying, and brandishing a firearm during

6

and in relation to a crime of violence, specifically, the robbery charged in Count Four. [*Id.* at 3]. The jury found Davis guilty on both counts.

Davis argues that Hobbs Act robbery does not constitute a crime of violence under the elements/ use of force clause of § 924(c)(3)(A). [Doc. 2 at 6-10]. The Court can quickly dispense with this argument as the Sixth Circuit has clearly held that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A). *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) ("We join our sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence."); *United States v. Robinson*, 708 F. App'x 272, 273 (6th Cir. 2017) ("Thus, in the Sixth Circuit, Hobbs Act robbery is a crime of violence by way of Section 924(c)(3)(A)."). These rulings were issued after the cases on which Petitioner relies and are binding on this Court.

Petitioner's remaining arguments concern whether Hobbs Act robbery can be a crime of violence under the residual clause of § 924(c)(3)(B). Since Petitioner's motion to vacate, the Supreme Court of the United States has invalidated the residual clause of § 924(c)(3)(B) as unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). But this ruling does not help Petitioner. Because Hobbs Act robbery constitutes a crime of violence under the use of force/ elements clause, there is no need to address whether it also falls within the now-invalidated residual clause of the statute.

### IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Petitioner has failed to establish any basis upon which § 2255 relief could be granted, and his § 2255 motion will be **DENIED**. A certificate of appealability from the denial of his § 2255 motion will be **DENIED**. A separate judgment will enter.

**SO ORDERED** this 18th day of February, 2020.

/s/ Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE