# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| SHAWN L. DAVIS, | ) | |
| | ) | Case Nos. 1:20-cv-124; 1:17-cv-71; |
| *Petitioner*, | ) | 1:13-cr-95 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM AND ORDER

In 2014, a jury convicted Petitioner and Defendant Shawn L. Davis of robbery in violation of 18 U.S.C. § 1951(a), brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. 65 in Case No. 1:13-cr-95.) The Court subsequently sentenced him to 444 months' imprisonment. (Doc. 110 in Case No. 1:13-cr-95.) Petitioner appealed his conviction and sentence but the United States Court of Appeals for the Sixth Circuit affirmed. (Doc. 119 in Case No. 1:13-cr-95.)

In 2017, Petitioner filed his first motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 129 in Case No. 1:13-cr-95; Doc. 1 in Case No. 1:17-cv-71). The Court denied his § 2255 motion on February 18, 2020. (Doc. 138 in Case No. 1:13-cr-95; Doc. 10 in Case No. 1:17-cv-71.) On April 6, 2020, Petitioner filed a motion for evidentiary hearing (Doc. 13 in Case No. 1:17-cv-71) and a motion for review of ineffective assistance of counsel (Doc. 14 in Case No. 1:17-cv-71). On April 17, 2020, he filed a motion for reconsideration (Doc. 141 in Case No. 1:13-cr-95), and, on April 20, 2020, he filed a second

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:20-cv-124; Doc. 15 in Case No. 1:17-cv-71). Petitioner also filed a motion for leave to proceed *in forma pauperis* in connection with his second § 2255 motion (Doc. 6 in Case No. 1:20-cv-124).

Because this was Petitioner's second motion for relief under § 2255, the Court construed the motion as one for leave to file a second or successive § 2255 motion. (*See* Doc. 16 in Case No. 1:17-cv-71.) The Antiterrorism and Effective Death Penalty Act of 1996 requires a petitioner bringing a second or successive petition for habeas corpus relief to move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3). Accordingly, the Court transferred Petitioner's motion to the Sixth Circuit, pursuant to 28 U.S.C. § 1631. The Court subsequently denied Petitioner's motion for reconsideration (Doc. 145 in Case No. 1:13-cr-95), and Petitioner appealed the denial (Doc. 146 in Case No. 1:13-cr-95).

On September 29, 2020, the Sixth Circuit issued an order denying the motion to authorize a second or successive § 2255 motion as unnecessary. (Doc. 27 in Case No. 1:17-cv-17.) The Sixth Circuit held that, because the second § 2255 motion was filed before the time to appeal the denial of the first § 2255 motion had expired, the Court should have construed the motion as one to amend his first § 2255 motion. (*Id.*) The Sixth Circuit remanded to this Court for further proceedings. (*Id.*) The Court now construes the April 20, 2020 motion (Doc. 1 in Case No. 1:20-cv-124; Doc. 15 in Case No. 1:17-cv-71) as one to amend his first § 2255 motion, according to the direction of the Sixth Circuit.

In that motion, Petitioner purports to raise the following new grounds for relief under § 2255: (1) he is actually innocent; (2) his counsel was ineffective for failing to investigate,

2

concealing evidence, and failing to request an evidentiary hearing; and (3) the government did not release evidence, including a statement by the victim. (Doc. 1 in Case No. 1:20-cv-124; Doc. 15 in Case No. 1:17-cv-71.) Defendant has since filed a supplemental motion in which he seeks relief based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Doc. 158 in Case No. 1:13-cr-95), a motion for new trial (Doc. 161 in Case No. 1:13-cr-95), a motion to appoint counsel (Doc. 7 in Case No. 1:20-cv-124; Doc. 162 in Case No. 1:13-cr-95:), and a motion to compel ruling on his pending motions (Doc. 8 in Case No. 1:20-cv-124).

The Court resolves each of the pending motions as follows:

- Petitioner's motion for leave to proceed *in forma pauperis* in connection with his § 2255 motion (Doc. 6 in Case No. 1:20-cv-124) is **DENIED AS MOOT** because he need not pay the civil filing fee in connection with that motion. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997) ("[T]he fee requirements of the Prison Litigation Reform Act do not apply to cases or appeals brought under § 2254 or § 2255.")

- Petitioner's motion for new trial (Doc. 161 in Case No. 1:13-cr-95) is **DENIED**. Federal Rule of Criminal Procedure 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Petitioner's motion for new trial is based upon what he purports to be newly discovered evidence, but his motion does not say what the newly discovered evidence is or otherwise attach any new evidence to his motion. (*See id.*) Accordingly, the Court finds that a new trial is not warranted under Rule 33.

- Petitioner's motion to appoint counsel (Doc. 7 in Case No. 1:20-cv-124; Doc. 162 in Case No. 1:13-cr-95) is **DENIED**. Petitioner does not explain the reason for which he is requesting counsel other than his representations that his "liberty is again in question . . . due to multiple issues" and that "litigation will be needed." (*See* Doc. 7 in Case No. 1:10-cv-124; Doc. 162 in Case No. 1:13-cr-95.) However, "there is no right to counsel in a post-conviction action." *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052 (6th Cir. Dec. 30, 2016). Additionally, "such an appointment in a civil case is not a constitutional right; rather, it is a privilege that is justified only by exceptional circumstances." *United States v. Trennell*, No. 2:14-cr-20127, 2021 WL 3025461, at *1 (W.D. Tenn. July 16, 2021) (citing *Richmond v. Settles*, 450 Fed. App'x 448, 452 (6th Cir. 2011)). Petitioner's motion to appoint counsel does not demonstrate that such exceptional circumstances exist or that the appointment of counsel is in the "interests of justice." 18 U.S.C. § 3006A(a)(2)(B). The Court therefore finds that appointment of counsel is not warranted.

- Petitioner's motion to amend his § 2255 motion (Doc. 1 in Case No. 1:20-cv-124; Doc. 15 in Case No. 1:17-cv-71) is **DENIED**.

All arguments in Petitioner's motion to amend are procedurally defaulted because Petitioner failed to raise them on direct appeal. Issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner has not argued or otherwise demonstrated cause for his failure to raise these issues on appeal. Although "actual innocence" may excuse procedural default, *see Bousley v. United States*, 523 U.S. 614, 623 (1998), he has not presented facts establishing that he is actually innocent or succeeded in showing that it is more likely than not that no reasonable juror would have convicted him based on the evidence at trial.

Petitioner first argues that the evidence was insufficient to establish that he owned or physically possessed a firearm. (Doc. 1, at 3–4, in Case No. 1:20-cv-124; Doc. 15, at 3–4, in Case No. 1:17-cv-71.) Petitioner argues that the lack of a positive identification by witnesses shows that no reasonable jury would have convicted him. (Doc. 1, at 4, in Case No. 1:20-cv-124; Doc. 15, at 4, in Case No. 1:17-cv-71.) Petitioner also states that, to show possession of the firearm, the Government must introduce fingerprint or DNA evidence that shows it was he who possessed the firearm. But Petitioner is mistaken that fingerprint evidence, DNA evidence, or a positive identification is necessary to support a conviction. The jury is also permitted to rely on other forms of evidence, including testimony, photographs, videos, etc. In Petitioner's case, the jury heard from multiple witnesses, saw several photos, a video, and reviewed factual stipulations. The lack of other evidence does not render him actually innocent or his conviction unreasonable.

Petitioner also argues that the Government violated various Federal Rules of Civil Procedure based on the failure to have an evidentiary hearing on "the evidence presented at trial." (Doc. 1, at 5, in Case No. 1:20-cv-124; Doc. 15, at 5, in Case No. 1:17-cv-71.) However, the Federal Rules of Civil Procedure do not apply in criminal cases, and the Government was not subject to the disclosure rules governing civil cases. Moreover, Petitioner, through his attorney, had the opportunity at trial to present evidence and to cross-examine the Government's witnesses. Petitioner has also failed to show that he was not afforded due process by the failure to conduct an evidentiary hearing. A trial affords even more process to a criminal defendant than an evidentiary hearing; an evidentiary hearing would not have given him any more opportunities to contradict the Government's evidence than a trial.

Petitioner next argues that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding a dashcam conversation containing statements by the victim. (Doc. 1, at 5–6, in Case No. 1:20-cv-124; Doc. 15, at 5–6, in Case No. 1:17-cv-71.) Petitioner's argument in support of this point, though, suggests that he is actually taking issue with a witness's testimony concerning the color of the bandana he was wearing that night. A jury is permitted to weigh all the evidence and make its own credibility determinations as to each witness's statements. Petitioner has not shown, based on the totality of the evidence, that the jury was unreasonable in its decision to convict him.

Petitioner also argues that it his claim should fail for lack of proof that the gun affected interstate commerce. (Doc. 1, at 6–7, in Case No. 1:20-cv-124; Doc. 15, at 6–7, in Case No. 1:17-cv-71.) But Petitioner stipulated at trial that the gun traveled in interstate commerce and that the Exxon where the events transpired was engaged in a commercial activity in interstate commerce and affected interstate commerce. (*See* Doc. 116, at 25, in Case No. 1:13-cr-95; *see also id.* at 96–97 (indicating that the stipulation was signed by the Government's attorney, Petitioner's attorney, and Petitioner himself).)

Next, Petitioner argues that a law-enforcement witness perjured himself at trial. (Doc. 1, at 7–8, in Case No. 1:20-cv-124; Doc. 15, at 7–8, in Case No. 1:17-cv-71.) Petitioner provides no support for this allegation other than his conclusory statements that the witness lied about whether Petitioner had money in his possession when he was found by the officer. This is insufficient to demonstrate Petitioner's actual innocence and avoid procedural default of this argument. Moreover, Petitioner's attorney questioned the witness about this statement and the witness conceded at trial that it was possible that Petitioner had no money in his possession.

Petitioner further contends that the balance of the evidence was against finding him guilty. (Doc. 1, at 8–11, in Case No. 1:20-cv-124; Doc. 15, at 8–11, in Case No. 1:17-cv-71.) He argues that, although some witnesses saw him enter and exit the woods after the robbery, one witness testified that "it would be impossible to make it through by walking." Petitioner thus concludes that he must have crawled and that the absence of dirt on his clothing makes this unlikely. Again, however, the jury is permitted to make credibility determinations concerning the witnesses in considering the evidence. The fact that one witness's testimony is different from that of other witnesses does not render the verdict unreasonable.

Petitioner also argues that his conviction violated the Double Jeopardy clause because he was under indictment of the State of Tennessee at the time he was charged in federal court. (Doc. 1, at 12, in Case No. 1:20-cv-124; Doc. 15, at 12, in Case No. 1:17-cv-71.) But it is well-established that, when the same act violates the laws of separate sovereigns—such as a state government and the federal government—it does not violate the Double Jeopardy clause for each sovereign to separately prosecute the defendant for the act. *Puerto Rico v. Sanchez Valle*, 579 U.S. 59, 67 (2016) (quoting *Heath v. Alabama*, 474 U.S. 82, 88 (1985)).

Lastly, Petitioner challenges the use of his "minor misdemeanor marijuana conviction" as a career offender predicate. (Doc. 1, at 24, in Case No. 1:20-cv-124; Doc. 15, at 24, in Case No. 1:17-cv-71.) But Petitioner's Tennessee conviction for possession of marijuana for resale is a felony. *See* Tenn. Code Ann. § 39-17-417(c). Additionally, in the Sixth Circuit, the actual-innocence exception "does not permit prisoners to raise claims about guidelines calculations in a collateral attack." *Gibbs v. United States*, 655 F.3d 473, 478 (6th Cir. 2011). Thus, the procedural default is not excused by his assertion that he should not have been sentenced as a career offender.

Because an amendment to Petitioner's § 2255 motion on any of these grounds would be futile, his motion is properly denied.

- Petitioner's supplemental motion (Doc. 158 in Case No. 1:13-cr-95) is **DENIED**.

  Petitioner's supplemental motion is untimely. The statute of limitations for § 2255 claims based on rights newly recognized by the Supreme Court is one year from "the date when the right asserted was initially recognized by the Supreme Court, if that right has been . . . made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). It is unclear whether the right announced in *Rehaif* has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Some circuit courts and several district courts in the Sixth Circuit have concluded that *Rehaif* is not retroactively applicable on collateral review. *See, e.g.*, *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *United States v. Burley*, No. 3:14-CR-122, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020) (collecting cases). However, the Sixth Circuit has not yet addressed the issue. *See Burley*, 2020 WL 2126682, at *1. Even if *Rehaif* applies retroactively to cases on collateral review, Petitioner's supplemental motion is still not timely under § 2255(f)(3) because *Rehaif* was decided on June 21, 2019, and Petitioner filed his motion on November 16, 2020.

  Even if Petitioner's supplemental motion were timely, his *Rehaif* argument is procedurally defaulted. Issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner did not raise the objection on direct appeal that he lacked knowledge of his status as a felon. *See United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019) (finding that raising this objection on direct appeal would not have been futile and that the objection was not unavailable to the petitioner); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." (internal quotation marks and citations omitted)). Thus, this claim is procedurally defaulted, and Petitioner has not demonstrated that the procedural default should be excused.

  Finally, the Court notes that Petitioner's previous felony convictions and the fact that he stipulated to being a convicted felon at trial provide strong evidence that his *Rehaif* claim—even if it were not procedurally defaulted—is meritless because the failure to instruct the jury as to the awareness-of-status element was harmless error, rather than an error of "constitutional magnitude" or one that would render his trial invalid. *See Short*, 471 F.3d at 691; *see also Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (noting that, on collateral review, a petitioner must show that any error had a "substantial and injurious effect or influence in determining the jury's verdict").

- Petitioner's motion to compel ruling (Doc. 8 in Case No. 1:20-cv-124) is **GRANTED** to the extent that this order resolves his pending motions.

Petitioner's appeal of the denial of his first § 2255 petition and of the denial of his motion for reconsideration remain pending before the Sixth Circuit. The Court expects the order today to aid in the resolution of those appeals. Petitioner is **ON NOTICE** that this Court cannot dictate when the appeals will be resolved and that further motions in the various district court cases may hinder the speed of resolution. While Petitioner remains free to file motions in this case, he is **ADVISED** that the Court may need to await the Court of Appeals's decision prior to answering additional questions he raises.

Finally, because all motions in Case No. 1:20-cv-124 have been resolved, the Clerk will be **DIRECTED** to close that civil case. All future filings should be docketed in the original civil case (1:17-cv-71) or the criminal case (1:13-cr-95) as appropriate.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**